# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NASTASHA BURDYN** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:12-CV-2236 |
| | : | (JUDGE MARIANI) |
| **OLD FORGE BOROUGH**, et al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Presently before the Court are the following Motions in Limine filed by Defendant Old Forge Hose & Engine Company ("OFHE"):

1. Motion in Limine to Preclude Lay Witnesses from Testifying Regarding Posttraumatic Stress Disorder Symptoms, Diagnosis, or Treatment (Doc. 239)

2. Motion in Limine to Exclude Duplicative or Cumulative Testimony from Plaintiff's Disclosed Expert Witnesses (Doc. 242)

3. Motion in Limine to Exclude Hindsight Evidence and Arguments (Doc. 245)

4. Motion in Limine to Exclude Evidence of Claimed Emotional Distress and/or Damages Caused by Litigation and/or the Legal Process and to Preclude Plaintiff's Recovery of the Same (Doc. 247)

The Court will address each motion in turn.

### 1. Motion in Limine to Preclude Lay Witnesses from Testifying Regarding Posttraumatic Stress Disorder Symptoms, Diagnosis, or Treatment (Doc. 239)

OFHE argues that "[w]hile Plaintiff may certainly testify as to her experiences, feelings or observations, she has no specialized knowledge, training or education which would allow her to testify as [to] what symptoms are seen in persons suffering from

Posttraumatic Stress Disorder or the state that her experiences, feelings or observations are related to" PTSD and that Plaintiff must be precluded from testifying as to PTSD "either generally or how she believes she presents with it." (Doc. 240, at 4).

Plaintiff asserts that she does "not intend to call on lay witnesses, particularly Plaintiff, to testify as an expert regarding posttraumatic stress disorder symptoms, diagnosis, or treatment." (Doc. 304, at 1). However, Plaintiff argues that she should be allowed to testify "as to what she has observed and/or experienced, her perception of her diagnosis and treatment and information she relayed to her treating mental health providers and may offer lay testimony if it meets the criteria of" Rules 701 and 803. (*Id.* at 7).

The Court will reserve ruling on this motion until trial. The parties seemingly agree that Plaintiff "may testify as to her experiences, feelings or observations with respect to her claimed damages" (Doc. 334, at 1), and such testimony will be admissible. However, lay witnesses will not be allowed to offer any lay or expert medical opinion with respect to the diagnosis, treatment, or cause of Plaintiff's PTSD. Any other testimony will be subject to timely objection and Plaintiff's demonstration of its admissibility pursuant to the applicable Federal Rules of Evidence, including Rules 701-702, and 803.

### 2. Motion in Limine to Exclude Duplicative or Cumulative Testimony from Plaintiff's Disclosed Expert Witnesses (Doc. 242)

OFHE's next motion in limine requests that the Court "preclude Plaintiff from calling more than one expert to testify as to the nature and extent of her claimed damages, excluding all other cumulative and duplicative expert testimony on the subject." (Doc. 242).

Plaintiff responds that she does "not intend to introduce expert testimony that is either duplicative or cumulative in nature" and that defense counsel may object "should they find this not to be the case at trial." (Doc. 303, at 1).

Federal Rule of Evidence 403 allows a Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of needlessly presenting cumulative evidence. However, where experts approach a material issue from different clinical perspectives, their testimony is not necessarily cumulative. *Klein v. Aronchick*, 85 A.3d 487, 501 n. 7 (Pa. Super. Ct. 2014).[1]

Without knowing the full qualifications and specializations of each expert witness and the contents of each expert witness's testimony, nor having seen any of the experts' full reports, the Court is unable to determine whether any expert witness's testimony will prove to be impermissibly cumulative.

Due to the premature nature of OFHE's motion in limine, the Court will deny the motion without prejudice.

---

[1] In *Klein*, the Superior Court found that:
[Plaintiff] Klein argues that the trial court erred in allowing the defendants to present three different expert witnesses on causation. Klein contends that the testimony was cumulative . . . . Here, while all three of defendants' experts ultimately reached the same conclusion, *i.e.*, that Visicol did not cause Klein's chronic kidney disease, they approached the issue from different clinical perspectives. Jesse Goldman, M.D., was a nephrologist and internist; James R. Roberts, M.D., was a medical toxicologist; and David Kastenberg, M.D., testified as a gastroenterologist. Therefore, while their testimony may have been corroborative, it was not needlessly cumulative.
*Klein v. Aronchick*, 85 A.3d at 501 n. 7.

3

### 3. Motion in Limine to Exclude Hindsight Evidence and Arguments (Doc. 245)

OFHE's motion in limine requests that this Court "exclude all evidence and arguments which require the explicit or implicit use [of] hindsight or ask the trier of fact to use of [sic] hindsight in determining if" OFHE was negligent. (Doc. 245, at 1-2). OFHE's concern arises from its "anticipat[ion] that Plaintiff may argue or ask the jury to judge Defendant OFHE's alleged actions and/or inactions based upon what she argues, or other witnesses think, would have been wise or prudent, in view of her current allegations" and "that Plaintiff may attempt to present witnesses who, after hearing her allegations years after the alleged relationships, now claim to have seen things at that time, or who may claim that knowing know [sic] what allegations have been made, that Defendant OFHE could have done things differently." (Doc. 246, at 2).

The legal basis of OFHE's present motion is unclear. Defendant purports to bring this motion pursuant to Rule 403 (Doc. 246, at 1). However, Defendant's assertion that "foresight, not hindsight, is the standard by which one's duty of care is to be judged" (Doc. 246, at 2) cannot form the basis for a blanket attempt to limit a witness's testimony prior to the introduction of any evidence. As OFHE notes in its Reply brief, it "cannot forecast what Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses may attempt to offer at trial with respect to the specific use of hindsight or application of hindsight to the facts of the case." (Doc. 333, at 1). Equally, the Court cannot "forecast" what testimony or evidence may be offered or for what purpose a party may attempt to introduce it. As such, the Court has no

information on which to conduct a Rule 403 balancing analysis and determine the probative and/or prejudicial value of any relevant evidence to be offered on the issue of OFHE's negligence.

The Court will therefore deny OFHE's motion without prejudice. Like many of the other motions in limine filed in this action, this motion is another attempt to get the Court to exclude testimony based on speculative hypotheses as to what any witness might say as well as why they say it. Counsel for all parties are reminded that it is his/her obligation to raise an objection at the time the putatively objectionable testimony is offered as well as the well-founded basis for the objection. Requests that the Court preclude testimony prior to any witness even taking the stand and beginning his/her testimony and prior to the Court being in a position to evaluate the testimony that a party is attempting to offer will be rejected.

### 4. Motion in Limine to Exclude Evidence of Claimed Emotional Distress and/or Damages Caused by Litigation and/or the Legal Process and to Preclude Plaintiff's Recovery of the Same (Doc. 247)

Finally, OFHE argues that this Court should exclude all evidence of any damages resulting from Plaintiff being a party or participant in civil or criminal litigation and preclude Plaintiff from recovery of any and all claimed compensatory damages that are the result of "her well-documented litigation-induced stress." (Doc. 247). In response, Plaintiff "concedes that courts typically refuse to admit evidence pertaining to 'litigation stress,' both because the filing of a civil lawsuit is the plaintiff's choice, and because the accused have a

right to defend themselves" and states that while she "is cognizant that she may not be permitted to present evidence of emotional distress stemming from the instant civil proceedings given that she initiated these proceedings of her own volition", she should "be permitted to discuss any emotional stress she endured as a result of her forced participation in the criminal proceedings associated with the instant matter." (*See* Doc. 314).

A plaintiff generally cannot recover damages for emotional distress caused by litigation proceedings. *See Blakley v. Continental Airlines, Inc.*, 992 F.Supp. 731, 736 n.3 (D.N.J. 1998). "Sound policy reasons support this rationale: as a general rule, a putative tortfeasor should have the right to defend himself without risking a more munificent award of damages merely because the strain inherent in an actual or impending courtroom confrontation discomfits the plaintiff." *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001). *See also, Stoleson v. U.S.*, 708 F.2d 1217, 1223 (7th Cir. 1983)("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages . . . ."); *Laporace v. N.Y. Life & Annuity Corp.*, 2014 WL 1806788, at *3 (E.D. Pa. 2014) ("[T]here is no question that filing a lawsuit, which is a right every individual has, as long as they have grounds under the law to file claims, is the plaintiff's decision, and imposing additional damages on the defendant for defending against the plaintiff's claims would impair the defendant's right to defend himself."). The rationale underlying the rule barring recovery for litigation induced stress thus appears to apply

largely, if not exclusively, to stress induced as a result of a plaintiff's initiation of a civil action.

To obtain compensatory damages under § 1983, Plaintiff must show, among other elements, that the defendant's "act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act or omission." (See Model Civil Jury Instructions for District Courts of the Third Circuit, 4.8.1). Plaintiff's vindication of her right to bodily integrity, as well as her right to be free from assault and battery, through her participation in a criminal action brought by the State is a reasonable consequence of the violations of her bodily integrity and the intentional torts allegedly committed against her by the individual defendants. Further, unlike the civil proceedings that she, on her own initiative, chose to institute, the criminal action was not a proceeding she initiated other than to bring a complaint as to the allegedly criminal acts taken against her. Thus, the rationale underlying the preclusion of damages for emotional distress as a result of civil litigation cannot be used as a basis for precluding evidence of claimed emotional distress as a result of the criminal proceedings in this particular action.

OFHE's motion will be granted in part and denied in part. Plaintiff may not offer evidence of emotional distress or recover damages for the emotional distress brought about by her institution and involvement in the current action. However, subject to laying the proper foundation and compliance with the Federal Rules of Evidence and this Court's other

rulings, Plaintiff may present evidence of emotional distress as a result of her involvement in the criminal proceedings and attempt to recover damages therefor.

## 5. Conclusion

For the foregoing reasons, Defendant Old Forge Hose & Engine Company's motions in limine (Docs. 239, 242, 245, 247) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge