THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NASTASHA BURDYN** | : |
| Plaintiff, | : |
| v. | :    **3:12-CV-2236** |
| | :    **(JUDGE MARIANI)** |
| **OLD FORGE BOROUGH**, et al. | : |
| Defendants. | : |

## MEMORANDUM OPINION

Presently before the Court is Defendant James Krenitsky's Omnibus Motion in Limine (Doc. 241) which requests that the Court:

1. Prohibit additional non-expert witnesses not previously identified by the Plaintiff;

2. Prohibit demonstrative evidence during opening statements;

3. Preclude Plaintiff's expert testimony beyond the four corners of their expert reports;

4. Preclude hearsay statements and/or evidence;

5. Preclude any reference to Krenitsky's family at the time of trial.

The Court will address each request in turn.

### 1. Prohibit additional non-expert witnesses not previously identified by the Plaintiff

Krenitsky first asks that the Court "prohibit the Plaintiff from calling or referring in voir dire, opening, witness examination, cross-examination, closing or at any other time in the presence of the jury to any non-expert witness testifying other than those specifically listed on the Plaintiff's witness list." (Doc. 243, at 5). In response, Plaintiff asserts that she does "not intend to introduce witnesses not identified in discovery." (Doc. 305, at 2).

Defendant's motion is phrased in only the most general terms, and the Court cannot make a determination as to the appropriateness of this motion without more information. Defendant's motion in limine will therefore be denied without prejudice.

### 2. Prohibit demonstrative evidence during opening statements

Krenitsky next requests that the Court preclude the Plaintiff from using any demonstrative exhibits during her opening statement. (Doc. 243, at 5-8). In response, Plaintiff asserts that she does not intend to produce demonstrative evidence during opening statements. (Doc. 305, at 2).

In light of Plaintiff's statement, the Court will grant Defendant's motion. However, as a result and in fairness to Plaintiff, no party shall be permitted to produce demonstrative evidence during opening statements without prior approval by the Court.

### 3. Preclude Plaintiff's expert testimony beyond the four corners of their expert reports

Defendant also requests that the Court preclude any testimony or opinions by Plaintiff's experts "beyond the four corners of their expert reports." (Doc. 243, at 8-10). In response, Plaintiff affirms that she does "not intend to seek testimony from her experts outside the four corners of their expert reports." (Doc. 305, at 2).

Defendant's motion in limine appears based at this point on the unfounded assumption that something will be said by one or more of Plaintiff's experts outside the scope of their reports. Krenitsky's request is a premature attempt to limit the testimony of Plaintiff's experts, without evidence that these experts have any intention of offering testimony outside of their disclosed reports. Defendant is requesting a ruling on a dispute

2

which has yet to be presented to the Court in a posture where the disputed testimony is before the Court and may be ruled upon after timely objection.

The Court therefore finds it necessary to defer ruling on this motion until trial and until such time as an objection is raised by one or more Defendants on the basis that any one of Plaintiff's designated experts is attempting to offer testimony outside the scope of the report he or she issued.

### 4. Preclude hearsay statements and/or evidence

Once again using only the most general terms and without any specific support for the proposition that Plaintiff intends to violate the Federal Rules of Evidence, Defendant now requests that any and all hearsay statements which do not qualify for an appropriate exception be precluded. (Doc. 243, at 10-11). The necessity of this motion is inexplicable given that the Federal Rules of Evidence regarding the use of hearsay are well-established and the Court trusts that all counsel are acutely aware of what constitutes hearsay, exclusions from hearsay, and the exceptions to the rule against hearsay. (*See* Fed. R. Evid. 801-807).

Thus, although the Court expects all parties to comply with the hearsay rules, the Court cannot rule on hearsay issues that have yet to arise. The Court will defer ruling on Defendant's motion until such time that counsel has a specific objection, premised on the Federal Rules of Evidence, to a particular statement or document relating to a hearsay statement.

## 5. Preclude any reference to Krenitsky's family at the time of trial

Finally, Krenitsky requests that Plaintiff be precluded from presenting evidence or "inquiring into the status of [Krenitsky's] wife's pregnancy during the relevant timeframe in this matter, the age and names of his daughters or any details regarding the status of his family." (Doc. 243, at 11-14). In response, Plaintiff asserts that she "does not intend to present evidence regarding the fact that Krenitsky's wife was pregnant while Krenitsky was receiving and performing oral sex" on Plaintiff "or the existence, name and/or age of Krenitsky's daughters" subject to reservation of her right to present rebuttal evidence if necessary. (Doc. 305, at 3).

The Court will grant Krenitsky's motion. Evidence or testimony related to whether Krenitsky's wife was pregnant at the time of his interactions with Plaintiff, as well as the existence, names, and ages of his children, is completely irrelevant to any of the issues in this case and, subject to Krenitsky opening the door at trial, all parties will be precluded from referencing his children and his wife's pregnancy in 2005.

## 6. Conclusion

For the foregoing reasons, Defendant Krenitisky's Omnibus Motion in Limine (Doc. 241) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge

4