THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NASTASHA BURDYN                          :
                                         :
                Plaintiff,               :
                                         :
        v.                               :        3:12-CV-2236
                                         :        (JUDGE MARIANI)
OLD FORGE BOROUGH, et al.                :
                                         :
                Defendants.              :

## MEMORANDUM OPINION

Presently before the Court are the following two Motions in Limine filed by Defendant

Lawrence Semenza:

1. Exclude all Evidence of and Reference to Defendant Semenza's Relationship with
   Mary Kate Steppacher (Doc. 267);

2. Admission of Defendant Semenza's Voluntary Offer to Take Polygraph Tests (Doc. 269).

The Court will address each motion in turn.[1]

### 1. Defendant's Motion in Limine to Exclude all Evidence of and Reference to Defendant Semenza's Relationship with Mary Kate Steppacher (Doc. 267)

Defendant Semenza next seeks to exclude "any evidence of and any reference to

Defendant's relationship with [Mary Kate] Steppacher." (Doc. 267, at 1).  In response,

although Plaintiff opposes Defendant's motion "[i]n the interests of preserving her right to

---

[1] Semenza's Motion in Limine to Exclude all Evidence of and Reference to Defendant's Criminal Arrest, Charges, Resulting Suspension and Resignation, Guilty Plea, Reversal, Acquittals, and Nolle Prossed Charges (Doc. 263) will be addressed in conjunction with Defendant Krenitsky's Motion in Limine to Exclude all Evidence of and Reference to Defendant's Criminal Arrest, Charges, Resulting Suspension and Resignation, Guilty Plea, and Nolle Prossed Charges (Doc. 249) and Plaintiff's Motion in Limine to Preclude Defendants from Denying that Defendants Lawrence A. Semenza, James Krenitsky and Walter Chiavacci Engaged in the Criminal Acts for Which they Pleaded Guilty (Doc. 257), in a separate opinion.

present rebuttal evidence should one (1) or more of the Defendants open the door to evidence of and/or reference to Defendant Semenza's relationship with Mary Kate Steppacher at trial" (Doc. 301, at 1), her counsel "affirm[s] . . . that they do not intend to call Mary Kate Steppacher as part of their case-in-chief, and will not present any evidence regarding her relationship with" Semenza (*id.*).

Based on Plaintiff's representations to the Court, Semenza's motion will be granted in so far as it relates to the testimony and evidence offered by Plaintiff in her case-in-chief. The motion will be granted as to all other parties subject to reconsideration at trial should Semenza open the door to the relationship at issue.

## 2. Defendant's Motion in Limine for the Admission of Defendant Semenza's Voluntary Offer to Take Polygraph Tests (Doc. 269)

Semenza's next motion seeks to "admit evidence of [his] voluntary offer to take polygraph tests on May 2 and July 6, 2012" (Doc. 269). Semenza argues that evidence he voluntarily offered to, and took, two polygraph tests should be admitted for the limited purpose of showing his "state of mind when confronted with Plaintiff's allegations." (*Id.* at ¶ 13). Specifically, Semenza contends that "willingness to take two separate polygraph tests is relevant to show Defendant Semenza's state of mind that he did not believe he engaged in any inappropriate physical contacts with the Plaintiff when he was initially confronted with Plaintiff's allegations." (Doc. 270, at 6). Defendant is not seeking to have the results of the tests admitted into evidence.

Semenza fails to demonstrate how his state of mind is relevant to the current action and the claims against him. The fact that Semenza supposedly "did not believe he engaged in any *inappropriate* physical contacts with" Burdyn is only evidence of his subjective belief that any physical contact he had with her was appropriate. It does not go to his state of mind that he did not believe he had *any* physical contact with Burdyn or show in any way that his actions were, in fact, appropriate. Whether his contact, if any, with Burdyn was inappropriate and further whether it amounted to assault, battery, and/or a violation of her bodily integrity is a question for the jury.

Next, Defendant cites to *U.S. v. Hamilton*, 579 F.Supp.2d 637 (D.N.J. 2008) for the proposition that his willingness to take the polygraph tests is probative as well as not prejudicial under Rule 403. (Doc. 270, at 4, 7). *Hamilton*, a criminal case, is easily distinguishable on the facts. There, a defendant was facing a charge of "knowingly and willfully making a false, fictitious, and fraudulent statement and representation" during an interview with an agent from the FBI. *Hamilton*, 579 F.Supp.2d at 639. During the same interview from which he was charged with making a false statement, the defendant offered to take a polygraph test. The District Court found that the defendant's offer to take the test at that interview was "highly probative of his consciousness of innocence – it directly implicates" the charge at issue. *Id.* at 640. Further, in that case, the offer went directly to an element of the crime he was charged with, i.e. whether he "knowingly" gave the false statement. Here, Semenza's state of mind regarding whether he thought what he did was

inappropriate does not relate to the elements that Plaintiff must establish to demonstrate any of her federal and state law claims. Additionally, to the extent that Plaintiff's testimony bears on any alleged actions of a sexual nature between Semenza and Burdyn before she turned 16 years old, the state of mind of the defendant is completely irrelevant given that Plaintiff could not consent to any of those actions, even if, in Semenza's mind, they were not inappropriate.

Nonetheless, even if the Court were to find that Semenza's offer to take two polygraph tests was probative, the value of such evidence would be substantially outweighed by a danger of unfair prejudice and confusing the issues. Defendant argues that "many federal courts have permitted the admission of polygraph evidence" and that "the Third Circuit has not adopted a per se exclusion on the admissibility of polygraph results." (Doc. 270, at 3). This second statement is a direct reference to a non-precedential Third Circuit opinion wherein the Circuit found that a district court did not abuse its discretion in admitting a polygraph test for the limited purpose of proving probable cause. *See Nawrocki v. Tp. of Coolbaugh*, 34 F.App'x 832, 838 (3d Cir. 2002). Further, *Nawrocki* made clear that although the Court "has not adopted a per se exclusionary rule",

> [m]ore recently, based on the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588–589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) . . . some trial courts have found polygraph evidence admissible. . . . However, most appellate courts that have discussed polygraph evidence after *Daubert* have ruled against admitting it.

*Id.* The Circuit did not mention the Supreme Court's decision in *U.S. v. Scheffer*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) wherein the Supreme Court expressed its view that "there is simply no consensus that polygraph evidence is reliable" and that "whatever their approach, state and federal courts continue to express doubt about whether such evidence is reliable."

Given the general inadmissibility of polygraph tests at trial due to a lack of reliability, and Semenza's limited request that he only be allowed to present evidence that he offered to take the polygraph test, allowing Semenza to introduce evidence of his offers to take the test only tells half the story, leaving the jury to speculate as to whether he was allowed to take one or both tests, the results of the tests, whether the results were the same in both tests, and why he offered to take the test twice. Furthermore, in order to admit testimony that Semenza offered to take two polygraph tests, a significant amount of information would have to be placed before the jury for contextual purposes. In fairness to Plaintiff, this would necessarily include an explanation of the fact that, prior to making his second offer to take a polygraph, Semenza was arrested and criminally charged for sexual actions relating to Burdyn, facts which Semenza has specifically requested be precluded at trial. (*See* Semenza's Motion in Limine to Exclude all Evidence of and Reference to Defendant's Criminal Arrest, Charges, Resulting Suspension and Resignation, Guilty Plea, Reversal, Acquittals, and Nolle Prossed Charges (Doc. 263)).

As a result, it is clear that the probative value, if any, of Semenza's offers to take a polygraph test is substantially outweighed by a danger of unfair prejudice to the Plaintiff as well as a danger that the jury will be confused or misled by this evidence.

Defendant's motion is therefore denied with prejudice.

## 3. Conclusion

For the foregoing reasons, Defendant Semenza's motions in limine (Docs. 267, 269) will be decided as set forth in this Memorandum Opinion.  A separate Order follows.


Robert D. Mariani
United States District Judge