**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NASTASHA BURDYN** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **3:12-CV-2236** |
| | : | **(JUDGE MARIANI)** |
| **OLD FORGE BOROUGH**, et al. | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

Presently before the Court is the Omnibus Motion in Limine of Defendant Old Forge

Borough (Doc. 275). The motion in limine requests the following relief:

1. Preclude Trial Testimony of Tammy Eastwood;

2. Testimony or Evidence on any Diaries, Journals, Calendars or any Documents Maintained by the Plaintiff;

3. Preclude any and all Reference to the Building that Houses Both the Old Forge Borough Administrative Offices and the Hose and Engine Company as the "Old Forge Borough Building" as Same is Unduly Prejudicial and Misleading;

4. Preclude any and all References to Plaintiff's Claim Against Walter Chiavacci or any Events Between the Plaintiff and Chiavacci;

5. Preclude any and all Testimony Concerning the Plaintiff Sitting on the Lap of Lawrence Semenza in a Halloween Costume;

6. Preclude Evidence of any and all Prior or Subsequent Lawsuits Involving the Borough of Old Forge;

7. Preclude any Boorish Behavior of Defendants, Semenza and Krenitsky While Employed as Officers for the Old Forge Borough Police Department;

8.  Preclude Testimony or Reference that Defendant Semenza Allegedly Asked Krenitsky to Alter a Police Accident Report;

9.  Preclude Evidence of any Domestic Issues at the Semenza Home or Anything Related to Same;

10. Preclude Kyra Zacker from Offer[ing] any Testimony Related to the Borough of Old Forge and the Employment of Lawrence Semenza and James Krenitsky;

11. Preclude any Reference to any Event Regarding the Plaintiff at the Borough of Old Forge Governmental Offices;

12. Preclude the Plaintiff from Offering any Testimony Concerning Inappropriate Touching or Kissing by Defendant Semenza as the Plaintiff's Allegations are not Time Specific and Therefore Unduly and Highly Prejudicial.

The Court will address each request in turn. Before doing so, however, the Court notes at

the outset that it exercises its discretion to rule in limine on evidentiary issues "in

appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d

Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). While motions in limine may

serve as a useful pretrial tool that enables a more in-depth briefing than would be available

at trial, a court may defer ruling on such motions "if the context of trial would provide clarity."

*Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec.

Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a

specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir

1997). Thus, certain motions, "especially ones that encompass broad classes of evidence,

2

should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

With these principles in mind, the Court now turns to Defendant's motions.

### 1. Preclude Trial Testimony of Tammy Eastwood

The Borough first requests that the Court preclude the trial testimony of Tammy Eastwood, a former member of the Old Forge Ambulance Company.

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even

3

if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Here, the Borough contends that Eastwood's testimony "would center upon her subjective belief that Defendant Semenza and the Plaintiff were flirtatious in the public based upon her view from the Ambulance Building which was located toward the rear of the building that housed Old Forge governmental offices in addition to the Hose and Engine Company" and that Eastwood may "testify as to something she believed she viewed in the summer of 2007. As Semenza parked his vehicle to the rear of the afore-referenced building the Plaintiff left the ambulance building and Eastwood believes that the Plaintiff sat on the lap of Semenza and that they appeared to hug each other and from her perception, Semenza's hands were all over her." (Doc. 276, at 13). The Borough argues that this testimony is unduly prejudicial and not probative of whether Semenza was acting under color of law at the time of this alleged occurrence. (Id. at 14-15).

The Court will deny Defendant's motion without prejudice. At this stage in the proceedings, the Court cannot determine what specific testimony Plaintiff may attempt to elicit from Eastwood, as well as whether the witness possesses the requisite personal knowledge to be permitted to offer the testimony and the relevance of any such testimony. As such, without knowing the particular contents of this testimony and the basis of the

4

testimony, the Court is unable to determine whether the witness' testimony will be sufficiently prejudicial to cause its exclusion under Rule 403.

Further, a request that the Court find that any probative value of Eastwood's testimony is substantially outweighed by a danger of unfair prejudice is premature. If Plaintiff offers testimony at trial that Defendant considers inadmissible, it is free to raise its objections at that point, at which time the Court can better evaluate the testimony's admissibility and prejudicial value in light of its content and purpose.

## 2. Testimony or Evidence on any Diaries, Journals, Calendars or any Documents Maintained by the Plaintiff

The Borough next requests that the Court issue a pre-trial order "prohibiting the Plaintiff from even referencing" her diary, journal, or calendar which she destroyed. (Doc. 276, at 15). Defendant has not provided any context for this request, and the Court does not have sufficient information to determine the relevance of testimony related to the contents of these documents. The Court will therefore deny Defendant's motion without prejudice, subject to reconsideration upon the presentation of specific evidence at trial. However, we note that to the extent that Plaintiff is permitted to raise these documents, Defendants are entitled to cross-examine Plaintiff on the "destruction" of the diaries, journals, calendars, and other documents.

### 3. Preclude any and all Reference to the Building that Houses Both the Old Forge Borough Administrative Offices and the Hose and Engine Company as the "Old Forge Borough Building" as Same is Unduly Prejudicial and Misleading

The Borough of Old Forge argues that "Plaintiff has confabulated the Borough of Old Forge and the Defendant Old Forge and Engine Company as being related entities" when they are in reality "mere contractual partners in a Lease." (Doc. 276, at 16). The Borough therefore requests that the term "Old Forge Borough Building" or "Borough Building" be prohibited from use during trial "as these terms unduly mislead, confuse and serve as prejudicial testimony." (*Id.* at 17). Notably, OFHE objects to the Borough's motion, arguing that the triers of fact "must be afforded the opportunity to hear a full explanation of where all of the alleged relevant interactions occurred, including anything relevant that occurred in the portion of the building which houses the Old Forge governmental offices and police department offices." (Doc. 281, at 5).

The Borough's motion will be denied with prejudice. The Borough of Old Forge is free to elicit testimony demonstrating the various areas of the building that are shared by the Old Forge governmental offices, police department, and volunteer fire department and delineating what events occurred in each specific department, office, or area in the building. Such testimony would cure any prejudice the Borough believes may be caused by the "confabulation" of the Borough and OFHE as related entities. Furthermore, the issue is not so complex that a jury will be confused or unable to understand the different offices occupying the same building.

6

### 4. Preclude any and all References to Plaintiff's Claim Against Walter Chiavacci or any Events Between the Plaintiff and Chiavacci

The Borough argues that "Plaintiff should be compelled to either take a default judgment against Mr. Chiavacci or to discontinue her claim against this judgment proof individual." (Doc. 276, at 19).

The motion will be denied without prejudice. The issue of Chiavacci's participation in this action was addressed at the pre-trial conference held on January 23, 2017. As a result of the conference, Plaintiff has stated that she will attempt to depose Chiavacci and have him appear at trial. The issue of Chiavacci's participation, as well as the relevance and prejudicial value of any sworn testimony that Plaintiff may attempt to introduce, must be evaluated at the time of trial, and upon Plaintiff's presentation of specific evidence and testimony that she deems relevant to her claims.

### 5. Preclude any and all Testimony Concerning the Plaintiff Sitting on the Lap of Lawrence Semenza in a Halloween Costume

The Borough next argues that testimony regarding a specific incident when Plaintiff sat on Semenza's lap while dressed in a Halloween costume should be precluded because it will be unduly prejudicial to the defendants and non-probative to the issues before the jury. (Doc. 276, at 20).

The Court disagrees. The incident at issue is highly relevant to the claim against the Borough and Semenza and presents substantive evidence of her federal and state law claims which go to the heart of her case. On cross-examination, Defendant is free to elicit

7

testimony regarding the circumstances surrounding this incident in an attempt to demonstrate that "there is nothing . . . inappropriate about an individual sitting on the lap of another individual from a purely objective standpoint" (*id.* at 20). However, such a determination is a question for the jury. Further, to the extent that Defendant argues that admission of this event is unduly prejudicial because "the time frame of this event has not been established" (*id.* at 19-20), such weaknesses in the testimony affects only the weight of the evidence, not its admissibility, and is subject to questioning on cross-examination.

The motion will therefore be denied.

## 6. Preclude Evidence of any and all Prior or Subsequent Lawsuits Involving the Borough of Old Forge

Old Forge asserts that evidence of any and all prior or subsequent lawsuits against the Borough, Semenza, and Krenitsky should be precluded. Specifically, Defendant argues that "no prior litigation involving the Borough of Old Forge or Semenza or Krenitsky, is in any way probative to the legal issues upon which a jury in this matter will be asked to address" and that the probative value of evidence of other lawsuits is outweighed by a danger of unfair prejudice. (Doc. 276, at 21).

Defendant's motion will be denied without prejudice. The motion fails to identify the lawsuits it is seeking to preclude in anything other than the most general terms, i.e. "any and all prior or subsequent lawsuits involving the Borough of Old Forge". As a consequence, the Court cannot ascertain what relevance any suit might have to this case, if any, and,

further, absent a verdict or judgment in such a case, what portions or aspects of that case might be admissible.

## 7. Preclude any Boorish Behavior of Defendants, Semenza and Krenitsky While Employed as Officers for the Old Forge Borough Police Department

Defendant next argues that evidence of "crude comments [by] Semenza and/or Krenitsky is not at issue in this case and is irrelevant, would be offered solely to inflame the jury or cause confusion, and is inadmissible as alleged other wrongs or acts under Rule 404(b)." (Doc. 276, at 22). Once again, the Court does not – and, at this stage of the proceedings, cannot – know the content of the specific statements at issue and in what form these statements will be offered.

Although it is possible that such testimony would violate the restrictions set forth in Federal Rules of Evidence 403 or 404, or the hearsay restrictions in Rule 801 and 802, it is also possible that such testimony would not violate any rules. In fact, some or all of the statements may constitute admissions of a party opponent under Federal Rule of Evidence 801(d)(2). To the extent that the statements and/or behavior testified to by a witness relate in any way to the Plaintiff, are based on personal knowledge, and are otherwise admissible under the Federal Rules of Evidence, the motion will be denied.[1]

---

[1] Because the Court will deny the Borough of Old Forge's motion, we need not address OFHE's request that to the extent the Court excludes evidence of Semenza's alleged "boorish behavior" in his employment as a Police Officer, evidence of his "boorish behavior" in his position with the OFHE also be excluded. (Doc. 281, at 7). The same evidentiary requirements are necessary regardless of whether Semenza's alleged "boorish behavior" occurred in his position with the Police Department or in his position with the volunteer fire department.

9

The Court will therefore deny the motion without prejudice to be reasserted by timely objection at trial if the statements are offered in a way that violates the Federal Rules of Evidence or the case law interpreting them.

### 8. Preclude Testimony or Reference that Defendant Semenza Allegedly Asked Krenitsky to Alter a Police Accident Report

Defendant requests that the Court preclude testimony or reference to an allegation that Semenza asked Krenitsky to alter a police accident report because it is not probative and "highly prejudicial." (Doc. 276, at 22). Plaintiff argues that she "seeks to reference this information specifically to illustrate how Michele Avvisato was absent from her post as Mayor of the Borough, which allowed Semenza and Krenitsky to run amuck free from the oversight and supervision" of the Mayor. (Doc. 300, at 21).

With this sparse description of the testimony that Defendant seeks to preclude, the Court cannot determine the relevance of any such testimony or for what purpose it may be offered. However, for evidence that Semenza asked Krenitsky to alter a police report to be relevant and therefore potentially admissible, Plaintiff would also have to offer testimony or evidence that other individuals, and specifically one or more decision-makers, were aware that this, or similar requests by Semenza, were being made.

Accordingly, a ruling on admissibility here is premature. The Court will therefore defer ruling on this motion. If the Plaintiff offers testimony at trial that Defendant considers inadmissible, it is free to raise its objections at that point, at which time the Court can better evaluate the testimony's admissibility in light of its content and purpose.

## 9. Preclude Evidence of any Domestic Issues at the Semenza Home or Anything Related to Same

Defendant requests that the Court preclude evidence of domestic issues at the

Semenza home or anything related to these issues because "evidence of domestic calls at

the Semenza home is not at issue in this case and would be offered solely to inflame the

jury or cause confusion." (Doc. 276, at 23). Defendant further states that any testimony on

this issue is also inadmissible pursuant to Fed. R. Evid. 404(b).

Relevant evidence may be excluded "if its probative value is substantially

outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the

jury." Fed. R. Evid. 403. However, it is well-established that "[e]vidence of a crime, wrong,

or other act is not admissible to prove a person's character in order to show that on a

particular occasion the person acted in accordance with the character." Fed. R. Evid.

404(b)(1). As explained by the Supreme Court:

> Federal Rule of Evidence 404(b) – which applies in both civil and criminal cases – generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.

*Huddleston v. U.S.*, 485 U.S. 681, 685, 108 S.Ct 1496, 99 L.Ed.2d 771 (1988). Thus, "[t]he

threshold inquiry a court must make before admitting similar acts evidence under Rule

404(b) is whether that evidence is probative of a material issue other than character." *Id*. at 686.

The Court will grant Defendant's motion to the extent that Plaintiff attempts to introduce evidence of "domestic issues" at Semenza's home. The Court is not inclined to allow evidence that relates purely to events or circumstances only inside the home. Plaintiff must therefore establish that the evidence is not being used for the purpose of demonstrating what happened in Semenza's personal and home life. Such evidence is not relevant and is unfairly prejudicial. If Plaintiff can establish that the evidence she seeks to offer is sufficiently probative to the issue of whether individuals in the Police Department were asked to do or refrain from doing certain acts which relate to the claims that the Borough had a custom or practice which allowed Semenza to abuse and exceed his power, then the evidence may be relevant subject to other objections pursuant to the Federal Rules of Evidence, including Rules 403 and 404(b), but in no case will evidence be admitted that describes or relates to domestic conditions in Semenza's home.

### 10. Preclude Kyra Zacker from Offer[ing] any Testimony Related to the Borough of Old Forge and the Employment of Lawrence Semenza and James Krenitsky

The Borough's next motion requests that the Court preclude Plaintiff's mother, Kyra Zacker, from offering any testimony related to the Borough and the employment of Semenza and Krenitsky. (Doc. 276, at 23-24). Defendant's motion does not make clear what purported testimony Zacker may offer which it deems inadmissible.

12

The Court will thus defer ruling on Defendant's motion. The Court cannot know at this time what answers counsel may attempt to elicit from Zacker, nor what Zacker will say at trial. Therefore, the Court must wait to hear Zacker's testimony and any specific question to which counsel may object in order to determine its relevance and admissibility.

## 11. Preclude any Reference to any Event Regarding the Plaintiff at the Borough of Old Forge Governmental Offices

The Borough next states that "[t]he Plaintiff's Amended Complaint and all her sworn testimony to date indicates that none of the complained of conduct occurred in the police department or Borough administrative offices which are located together within the subject building" and therefore "any and all testimony concerning the Plaintiff within the Administrative Offices of Old Forge Borough must be precluded as nonprobative and highly prejudicial." (Doc. 276, at 24).

The Court has already specifically addressed, and rejected, the Borough's contention that nothing happened in the police department of administrative offices. What conduct occurred, where, and whether it was done by an individual defendant in a private capacity or under color of state law, are all questions for the jury. As the Court previously stated:

> [D]espite the Borough of Old Forge's contention, Semenza and Burdyn's interactions were not limited to the firehouse and possibly occurred in the police station or police vehicles. Plaintiff testified she communicated with Semenza "multiple times on AIM [AOL Instant Messenger] and AOL" and that on occasion Semenza would tell her to come to the police station from the fire station. (Dep. of Burdyn, at 281). Burdyn also stated that she and Semenza would spend time together alone at the police station (Trial Tr., Oct. 16, 2013,

13

at 72), later elaborating that "[y]ou couldn't come near me because I was with him all the time in his office and the police station at his desk with him all the time" (*id.* at 77). Other portions of Burdyn's testimony further support the possibility that she spent what a jury might consider to be a significant amount of time in the police department (*see e.g., id.* at 265-266, 281, 312, 401-402; *see also*, Trial Tr., Oct. 16, 2013, at 70, 71, 119).

Burdyn testified to a specific incident at the police station wherein she went to the station on Halloween when she was 15 years old dressed in a costume. On that occasion, she alleges that she sat on Semenza's lap and that "he had his arms around me, touching my legs." (Dep. of Burdyn, at 401-402). This story is corroborated by several witnesses. . . .

During her trial testimony, Burdyn also recalled an incident in the weight room, "in the basement of the police and fire station", which was accessible to both police officers and firefighters. On this occasion, Semenza "kissed [her], he touched [her], he put his hands down [her] pants and proceeded to touch [her]. . . ." (Trial Tr., Oct. 16, 2013, at 115-116, 273). . . .

Despite the incident in the police station at Halloween and in the weight room shared by the police and fire departments, Burdyn offered that in her opinion "[n]othing intimate happened in the Police Station" but admitted that "affectionate" acts occurred there such as "sit[ting] at this desk [in Semenza's office] or on the side of his desk, sit[ting] on the corner of the desk, spend[ing] a lot of time there. . . ." (Trial Tr. Oct. 17, 2013, at 6). Burdyn further testified at her deposition that Semenza made inappropriate comments in front of members of both the fire department and police department, including "references to me as having sex with him . . . [c]rude comments . . . [t]alking about my body . . . [t]alking about my chest. . . ." (Dep. of Burdyn, at 265). Burdyn additionally testified that Semenza "bragged about [supposedly having sex with Burdyn] to everybody at the police department and anybody around him on many occasions." (*Id.* at 266). Krenitsky also proffered that he saw Burdyn sitting on Semenza's lap one time in Semenza's office at the police department and that Semenza would make comments such as Burdyn's "ass looked nice in those shorts" and that she was a "good-looking girl" in front of other people. (Proffer of Krenitsky, at 30-31). Krenitsky also testified at Semenza's criminal trial that "there were a few times that [Burdyn] came in the police department and [Semenza] would be at his desk in his office and she would sit on his lap." (Trial Tr., Oct. 18, 2013, at 49).

(Doc. 209, at 15-17).

The Court will therefore deny the Borough's motion without prejudice. The motion does not cite to any particular event or statement that Defendant believes should be precluded and in essence requests a blanket ruling precluding evidence and testimony that has yet to be presented to this Court. Further, it is clear from this Court's prior opinion that it is possible that some relevant acts or statements may have been made in the Old Forge police department or administrative building, thereby rendering Defendant's broad motion inappropriate.

## 12. Preclude the Plaintiff from Offering any Testimony Concerning Inappropriate Touching or Kissing by Defendant Semenza as the Plaintiff's Allegations are not Time Specific and Therefore Unduly and Highly Prejudicial

The Borough's final request in its omnibus motion in limine asks that the Court preclude Plaintiff from offering any testimony concerning inappropriate touching or kissing between Plaintiff and Semenza because "Plaintiff is unable to pinpoint by date or month the conduct of which she complains about relative to the alleged inappropriate conduct by" Semenza. (Doc. 276, at 25-26).

Defendant's motion will be denied. Barring the introduction of such evidence would preclude Plaintiff's ability to pursue her case and substantiate her claims. Defendant's motion comes dangerously close to requesting that the Court, in effect, decide Plaintiff's action under the guise of an evidentiary ruling. The alleged incidents at issue are highly relevant to the claims against the Borough and Semenza and present substantive evidence of her federal and state law claims which go to the heart of her case. Further, to the extent

15

that Defendant argues that admission of this event is unduly prejudicial because Plaintiff has not "pinpoint[ed] a specific date either by month, day or year" (Doc. 276, at 25-26), such weaknesses in the testimony affects only the weight of the evidence, not its admissibility, as well as the credibility of the witness, and is subject to questioning on cross-examination.

## 13. Conclusion

For the foregoing reasons, the Omnibus Motion in Limine of Defendant Old Forge Borough (Doc. 275) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge

16