THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NASTASHA BURDYN | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:12-CV-2236 |
| | : | (JUDGE MARIANI) |
| OLD FORGE BOROUGH, et al. | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

Presently before the Court are the following three Motions in Limine:

1. Defendant Krenitsky's Motion in Limine to Exclude all Evidence of and Reference to Defendant's Criminal Arrest, Charges, Resulting Suspension and Resignation, Guilty Plea, and Nolle Prossed Charges (Doc. 249);

2. Plaintiff's Motion in Limine to Preclude Defendants from Denying that Defendants Lawrence A. Semenza, James Krenitsky and Walter Chiavacci Engaged in the Criminal Acts for Which they Pleaded Guilty (Doc. 257);

3. Defendant Semenza's Motion in Limine to Exclude all Evidence of and Reference to Defendant's Criminal Arrest, Charges, Resulting Suspension and Resignation, Guilty Plea, Reversal, Acquittals, and Nolle Prossed Charges (Doc. 263).

Because each of these motions relies on similar grounds and factual bases, the Court will consider them together.

Both Krenitsky and Semenza's motions in limine seek to exclude all evidence of and reference to their respective criminal arrests, charges, resulting suspensions and resignations from the Borough, *nolle prossed* charges, and guilty pleas. (Docs. 249, 263). Semenza's motion also seeks to exclude all evidence and reference to the jury's acquittal of

him on four charges and guilty verdict against him on two charges at the conclusion of his criminal trial in 2013 and the Pennsylvania Superior Court's subsequent reversal of the jury's guilty verdict in 2015. (Doc. 263).

Conversely, Plaintiff's motion in limine requests that the Court "preclude Defendants from denying that [the individual defendants] engaged in the criminal acts for which they pleaded guilty." (Doc. 257). Plaintiff argues that "the guilty pleas entered by Defendants Chiavacci, Krenitsky and Semenza constitute conclusive admissions of each of the facts on which their underlying criminal charges were based, and thus they have preclusive effect on all of the Defendants in this action." (Doc. 258, at 7).

Although the parties are intimately familiar with the factual background of this case, the Court briefly notes the following relevant facts for purposes of this motion.

- On December 19, 2012, Chiavacci pleaded guilty to Indecent Assault with a person less than 16 years of age (18 Pa.C.S.A. § 3126(a)(8)), a misdemeanor in the second degree. The charges of Aggravated Indecent Assault (18 Pa.C.S.A. § 3125(a)(8)) and Corruption of Minors (18 Pa.C.S.A. § 6301(a)(1)) were *nolle prossed*. (Doc. 258, Ex. B). At the time of his guilty plea, Chiavacci admitted to "digitally penetrat[ing] the vagina of [Burdyn], an individual who was 15 years old at the time." (*Id.* at Ex. C).

- In May, 2012, Krenitsky was charged with (1) Corruption of minors (18 Pa.C.S.A. § 6301(a)(1)); (2) Involuntary deviate sexual intercourse with a person less than 16 years of age (18 Pa.C.S.A. § 3123(a)(7)); (3) Indecent Assault without the consent of other (18 Pa.C.S.A. § 3126(a)(1)); and (4) Contact/Communication with a minor - sexual offenses (18 Pa.C.S.A. § 6318(a)(1)).

- As a result of being criminally charged, Krenitsky was suspended from his position with the Old Forge Police Department and subsequently resigned from the position. (Doc. 249, at ¶ 2).

- On September 12, 2013, Krenitsky pleaded guilty to Indecent Assault without the consent of other (18 Pa.C.S.A. § 3126(a)(1)), a misdemeanor in the second degree. The other three charges were *nolle prossed*. (Doc. 258, Ex. E). At the time of the guilty plea, Krenitsky admitted that "between January 1, 2005, and June 30, 2005, that [he] engaged in conduct that constitutes oral sex with" Burdyn. (*Id.* at Ex. F).

- In May, 2012, Semenza was charged with (1) Contact/Communication with a minor – sexual offenses (18 Pa.C.S.A. § 6318(a)(1)) ; (2) Indecent Exposure (18 Pa.C.S.A. § 3127(a)); (3) Indecent Assault of a Person less than 16 years of age (18 Pa.C.S.A. § 3126(a)(8)); (4) Aggravated Indecent Assault of a Person less than 16 (18 Pa.C.S.A. § 3125(a)(8)); (5) Person to Report Suspected Child Abuse (23 Pa.C.S.A. § 6311(a)); and (6) Corruption of Minors (18 Pa.C.S.A. § 6301(a)(1)). (Doc. 265, Ex. A).

- As a result of being arrested and charged, Semenza was suspended by the Borough. On October 30, 2012, Semenza resigned from his position. (Doc. 263, at ¶¶ 3-4).

- Following a criminal trial in October, 2013, a jury acquitted Semenza of four charges: Contact/Communication with a minor – sexual offenses; Indecent Exposure; Indecent Assault of a Person less than 16 years of age; and Aggravated Indecent Assault of a Person less than 16. The jury convicted Semenza of two charges: Person to Report Suspected Child Abuse and Corruption of Minors. (Doc. 265, Ex. A).

- In September, 2015, the Pennsylvania Superior Court reversed the trial court judgment and remanded the case for a new trial. (*See Commonwealth of Pennsylvania v. Semenza*, 127 A.3d 1 (Pa. Super. Ct. 2015)).

- In October, 2015, Semenza pleaded guilty to Harassment (18 Pa.C.S.A. § 2709(a)(7)), a misdemeanor in the third degree. The charges of Corruption of Minors and Person to Report Suspected Child Abuse were *nolle prossed*. (Doc. 258, Ex. I). At the time of the guilty plea, Semenza admitted that "between November of 2004 and March of 2006 in Lackawanna County, [he] did with the intent to annoy, harass or alarm another communicate repeatedly with [Burdyn], a minor female, in a manner which served no legitimate purpose." (Doc. 258, at Ex. J).

3

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury". Fed. R. Evid. 403.

Both Semenza's and Krenitsky's arguments in support of their respective motions in limine also rely heavily on Fed. R. Evid. 404. It is well-established that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). As explained by the Supreme Court:

> Federal Rule of Evidence 404(b) – which applies in both civil and criminal cases – generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.

*Huddleston v. U.S.*, 485 U.S. 681, 685, 108 S.Ct 1496, 99 L.Ed.2d 771 (1988). Thus, "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule

4

404(b) is whether that evidence is probative of a material issue other than character." *Id.* at 686.

The Court disagrees with Defendants that Rule 404(b) is relevant to the current motion. Rule 404(b) "prohibits the introduction of evidence of extrinsic acts". *Huddleston*, 485 U.S. at 685. The purpose of the Rule is the exclusion of crimes, wrongs, or other acts – it does not apply to the exclusion of acts that are "inextricably intertwined" with the conduct at issue or formed the basis of the civil action at issue. *See e.g.* 22B Fed. Prac. & Proc. Evid. § 5239 ("One of the key words in determining the scope of Rule 404(b) is 'other'; only crimes, wrongs, or acts 'other' than those at issue under the pleadings are made inadmissible under the general rule.").

As a result, application of the balancing test set forth in Rule 403 is key in determining the admissibility of the evidence at issue.

First, evidence of, and reference to, Defendants' *nolle prossed* charges and Semenza's acquittal and the reversal of his conviction, will be precluded, subject to the individual defendant opening the door with respect to that Defendant's *nolle prossed* charges and, in Semenza's case, his acquittal and convictions which were overturned.

The Third Circuit has held that:

> evidence of an acquittal from a criminal proceeding is inadmissible in a civil proceeding unless used in "limited occasions when otherwise inadmissible testimony may be admitted as rebuttal." *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir.1985) (holding evidence of an acquittal in a criminal arson case inadmissible in a civil arson case). It has been explained elsewhere:

5

> The rationale for excluding such a dismissal or acquittal from evidence in a civil trial is obvious. While a conviction can be considered a judicial determination of guilt, a dismissal, acquittal, or failure to prosecute may simply reflect an inability to meet the requisite burden of proof. The danger that a jury will accept a non-conviction as determinative outweighs any probative value that such evidence may hold.
> *Cunningham v. Wash. Gas Light Co.*, 1988 WL 90400, *1 (D.D.C.1988).

*Bounds v. Taylor*, 77 F.App'x 99, 107 (3d Cir. 2003). *See also, Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 147 (3d Cir. 2002) ("[E]vidence of non-arrest, like evidence of nonprosecution or acquittal of a crime, is generally inadmissible in a civil trial concerning the same incident."). While the result of different procedural decisions, "non-prosecution" of a crime is broadly synonymous with the term nolle prossed. *See* Black's Law Dictionary (10th ed. 2014), "nolle prosequi" ([Latin "not to wish to prosecute"] (17c) 1. A legal notice that a lawsuit or prosecution has been abandoned. 2. A docket entry showing that the plaintiff or the prosecution has abandoned the action.).

The reasoning repeatedly articulated by the Third Circuit applies to the instant case. In the absence of a conviction, or guilty plea, there is a significant risk that the jury may place too much weight on an acquittal or why certain charges did not proceed to trial. Further, the relevant value of the *nolle prossed* charges against the individual defendants would be substantially outweighed by a danger of unfair prejudice to the defendants, specifically, forcing the jury to speculate as to the wide array of possible reasons that the District Attorney may have decided to *nolle prosse* certain charges after bringing a criminal complaint against these individuals. To allow Plaintiff to introduce evidence of criminal

6

charges which Krenitsky and Chiavacci never had an opportunity to defend against, is highly prejudicial. Although the charges may be of some probative and relevant value, a jury would hear the serious charges brought against these defendants and may speculate as to what caused the District Attorney to bring these charges, assume that there may be evidence to support the charges simply because the charges were brought, and risk substituting the reasoning or opinion of the District Attorney for their own. Thus, in the absence of a conviction (which has not been overturned), there is a significant risk that the jury may place too much weight on criminal charges which did not result in a conviction or guilty plea, as well as the *nolle prossed* charges. Similarly, admission of the criminal charges on which Semenza was either acquitted or for which he was found guilty but were later overturned and were ultimately *nolle prossed*, is highly prejudicial and could significantly confuse the jury about what is at issue in the present case as well as force the jury to speculate as to what occurred during the criminal proceedings. Allowing into evidence Semenza's jury conviction is particularly prejudicial in light of the reversal of the conviction and may result not only in confusing the jury about the ultimate result, but force them to speculate as to the meaning of a reversal as well as why the conviction was overturned.

With respect to Chiavacci and Krenitsky's guilty pleas, the defendants have failed to demonstrate that the probative value of the guilty pleas of these two defendants is substantially outweighed by the danger of unfair prejudice. Rather, both individuals pleaded

guilty to crimes that relate to the sexual offenses that now form part of the basis for Plaintiff's current lawsuit. Chiavacci and Krenitsky pleaded guilty to separate subsections of Indecent Assault. Pursuant to the statute,

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: (1) the person does so without the complainant's consent; . . . [or] (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(1), (8). Whereas Krenitsky pleaded guilty to indecent assault without the consent of the other (*id.* at § 3126(a)(1)), Chiavacci pleaded guilty to indecent assault of a person less than 16 years of age (*id.* at § 3126(a)(8)). At the time of the guilty plea, Krenitsky admitted that "between January 1, 2005, and June 30, 2005, that [he] engaged in conduct that constitutes oral sex with" Burdyn. (Doc. 258, at Ex. F). Similarly, during his guilty plea, Chiavacci admitted to "digitally penetrat[ing] the vagina of [Burdyn], an individual who was 15 years old at the time." (Doc. 258, at Ex. C).

Chiavacci and Krenitsky's guilty pleas thus go directly to the issue of the claims against them for assault and battery, including whether they "inten[ded] to put [Burdyn] in reasonable and immediate fear of a harmful or offensive contact with his. . . body and [did], in fact, cause such fear" and whether they "inten[ded] to cause a harmful or offensive contact with [Burdyn] . . . that directly or indirectly result[ed] in the harmful or offensive contact with [her]." (*See* Pa. Suggested Standard Civil Jury Instructions, §§17.10, 17.20

8

("Assault", "Battery"). Krenitsky's guilty plea, which incorporates in it a lack of consent on the part of Plaintiff, as well as his admission during his plea to engaging in oral sex with Plaintiff, is also highly probative of whether he violated Plaintiff's bodily integrity in a manner which is conscience shocking. Although the prejudicial value of these guilty pleas and accompanying admissions is undoubtedly high, because they are significantly related to the claims in this case and are highly relevant and probative to the determinations that the triers of fact will have to make, defendants have not shown that the admission of the guilty pleas of Krenitsky and Chiavacci, on balance, will be unfairly prejudicial. Nonetheless, the admission of this evidence will be limited to the facts and details specific to the charges to which Krenitsky and Chiavacci pleaded guilty.

For purposes of context, the fact that the criminal charges to which Chiavacci and Krenitsky pleaded guilty were filed will be admissible. It reasonably follows that if a person pleads guilty to a crime, he or she must have been criminally charged. Therefore, these defendants suffer no additional prejudice as a result of this evidence being presented to the jury. However, for the reasons explained above, the specific charges which were *nolle prossed* are unduly prejudicial and will not be admitted. Further, Krenitsky's suspension and resignation from the Police Department is of some relevance and probative value to the case and Krenitsky has not offered any evidence of how the admission of these events will prejudice him.

With respect to Semenza's guilty plea, a Rule 403 analysis yields a closer result. Semenza pleaded guilty to Harassment pursuant to 18 Pa.C.S.A. § 2709. Although this plea to harassment was limited to "repeated[]" "communication" as opposed to any specific physical conduct, it is relevant to Plaintiff's § 1983 claim against the Borough of Old Forge and the negligence and negligent supervision claims against OFHE. During his guilty plea and sentencing, Semenza agreed with the government's statement that "between November of 2004 and March of 2006 in Lackawanna County, [he] did with the intent to annoy, harass or alarm another communicate repeatedly with [Burdyn], a minor female, in a manner which served no legitimate purpose." (Doc. 258, Ex. J). This time period is encompassed within the time that Burdyn volunteered with OFHE and claims that she was subject not only to inappropriate touching by Semenza, but, as relevant here, to inappropriate comments directed towards her by Semenza. Thus, Semenza's guilty plea relates to her claims against the Borough for *Monell* liability, and the negligence claims against OFHE. Semenza's "harassment" may be relevant to establish who, if anyone, was aware of Semenza's comments towards Burdyn, the nature of the comments, whether the Borough had a custom or practice which allowed Semenza to abuse and exceed his power, unsupervised and without fear of repercussion, and whether the harm that Plaintiff claims was, in fact, reasonably foreseeable to the individuals in charge of the Borough and OFHE.

Nonetheless, the Court notes that Semenza specifically pleaded guilty to a provision of Harassment which states that "[a] person commits the crime of harassment when, with

10

intent to harass, annoy or alarm another, the person . . . communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6)." 18 Pa.C.S.A. § 2709(a)(1). In relevant part, 18 Pa.C.S.A. § 2709(a)(4) states that the person "communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures."[1] Thus, although the fact that Semenza pleaded guilty to communicating with Burdyn could be relevant in some circumstances, there is also a danger that the probative value of Semenza's guilty plea is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. Plaintiff's allegations of Semenza's inappropriate communications generally relate to comments towards her or about her that are sexual in nature, including but not limited to, talking about having sex with her, talking about her body including her chest, and calling her sexy. The charge to which Semenza pleaded guilty specifically excludes communications consisting of "lewd, lascivious, threatening or obscene words [or] language". A review of Semenza's guilty plea transcript does nothing to change this determination. At that proceeding, there were no specific facts set forth against Semenza which relate to any communications of a sexual nature. Rather, Semenza agreed with the government's statement that "between November of 2004 and March of 2006 in Lackawanna County, [he] did with the intent to annoy, harass or alarm

---

[1] Pursuant to subsections (5) and (6), "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person . . . (5) communicates repeatedly in an anonymous manner; [or] (6) communicates repeatedly at extremely inconvenient hours. . . . " These subsections are not relevant for purposes of the current motion.

11

another communicate repeatedly with [Burdyn], a minor female, in a manner which served no legitimate purpose."

As a result, prior to hearing Plaintiff's testimony and the specific allegations she makes regarding Semenza's actions and behavior, including statements she claims that he made, the Court is unable to determine the probative value of Semenza's guilty plea to harassment, or the danger of unfair prejudice that may arise as a result of its admission. Further, the Court must also await the testimony of Semenza in order to determine whether evidence of his guilty plea would be appropriate evidence on which to impeach him subject to Federal Rule of Evidence 609 and any other applicable Rule.

Finally, it is important to note that the effect of Semenza's motion to preclude the criminal charges against him, the jury's verdict, and the appeal court's reversal of the guilty verdict, necessarily also precludes any reference to Semenza's criminal trial. The result of this is that testimony offered at the criminal trial must also be excluded from the present trial, in that the jury will have no context for where, when, and under what circumstances the testimony was given. Thus, this Court's ruling on the present motion is subject to the exception that, if Semenza introduces any testimony from his criminal trial, this testimony may open the door to the presentation of evidence that Semenza stood trial for events relating to Burdyn, his acquittal on certain counts, his conviction on the remaining counts, and evidence that his conviction was reversed on appeal.

For the foregoing reasons, the afore-discussed motions in limine (Docs. 249, 257, 263) will be decided as set forth in this Memorandum Opinion. The Court notes that its rulings set forth in this memorandum opinion are all subject to revision upon the presentation of facts or arguments that present a basis for admission other than those advanced by the moving parties whose motions are addressed herein.

A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge